BRADEN *vs.* BERRY.

A notice by a *turnpike inspector* that a turnpike road is out of repair, to subject a gatekeeper to a penalty for taking tolls after an order to throw open the gate, *must specify the part of the road* which is out of repair, unless the *whole road* be out of repair, and in that case it should be so stated in *totidem verbis.*

ERROR from the Greene common pleas. Berry sued Braden a *keeper of a gate on a turnpike road* in the county of Greene, to recover a penalty of *ten dollars* for demanding toll from him in passing the gate kept by the defendant, when the same was ordered by an inspector of the road to be thrown open, on the ground of the road being out of repair. See provisions of the statute on the subject, 1 *R. S.* 588, 2*d ed.* § 39, &c. The suit was brought before a justice of the peace. The plaintiff proved the demand and payment of toll on the 21st of January, 1837, and pro-

duced in evidence a *notice* and *order*, issued by an inspector of turnpikes of the county, the first dated the *seventh* and the *second* the *twentieth* of January, 1837. The first was in the following form : " To William Braden, toll collector on the Hunter turnpike. Sir, On complaint being made to me the undersigned, inspector of turnpikes for the county of Greene, that your turnpike is out of repair, I have examined the same and found the complaint just. You are therefore to have the same repaired in three days from the date of this notice." Signed &c. The order, after reciting the notice, stated, that a second examination had been had, and that it was found that the road had not been repaired ; it then proceeded to direct the gate-keeper to open the gate and not to take toll of any person until he should receive a certificate from an inspector that the road was in proper repair.

The notice and order were served on the days of their dates. The justice rendered judgment for the penalty and costs of suit, which judgment was *affirmed* by the Greene common pleas on *certiorari.* The defendant sued out a writ of error.

*A. Jordan,* for the plaintiff in error.

*Powers & Day,* for the defendant in error.

*By the Court,* COWEN, J. The only question is whether the *notice* required by the statute was sufficient to subject the defendant to the penalty ; and we think it was not.

The notice should have specified that part of the road which the inspector had examined and held to be out of repair. If the whole and every part of the road had been found to be so, that should have been stated in so many words. The notice was equivocal. The statute intended to secure to the collector the opportunity of repairing the road intermediate the notice and final order, and shewing such repair for cause. All the notice said was, " complaint has been made that your turnpike is out of repair, and I have examined and found the complaint to be just." A case of actual and total dilapidation is an extraordinary one,

and calls for language stating the fact in terms.   In common parlance it would not be intended by the phrase used in the notice.   People hardly ever mean when they say a road is out of repair or in bad repair, or the like, that every rod of it is entirely so.   To make it thus total, the words must be forced beyond their ordinary import.   The notice should have been certain at least to a common intent.   The provisions of the statute all look to the imposition of a penalty, and must therefore be strictly pursued.

The notice was defective, and the judgment is therefore reversed.