## Peggy Nason *v.* Jonathan M. Blaisdell.

Under a clause in a devise, which provides that the devisees may have, use and possess during their natural lives certain premises described, they paying the rents and taxes thereon, the devisees take an estate for life, which it is competent for them to assign, or convey.

A deed of land from one out of possession, which is void, under the statute of 1807, by reason of the adverse possession of a third person, will not affect the right of the grantor in such deed to maintain an action of ejectment against such third person.

Ejectment for fifty acres of land in St Albans. Plea, the general issue, and trial by jury.

This was the action at law alluded to in the opinion of the court in the suit in chancery, *Smith* v. *Blaisdell et al., ante,* page 199, and the premises in question in the two cases were the same, and all the facts material to the right of revovery of the plaintiff in this case are sufficiently detailed in that case. The clause in the will of William Nason, by which he devised to Asa Lock and his wife the use of a portion of the premises in question, was in these words, "It 'is my will and pleasure that Asa Lock, and his wife Mary Lock, 'have, use and possess all my land on the west side of the road 'leading to Nathan Smith's during the natural lives of each, he

' paying the rents and taxes on said land,—being the land on which
' he now lives, leased to me by Jotham Bush and Holloway Taylor,
' on the west side of said road,—with the privilege of the buildings
' thereon standing, and to revert to my beloved son, John Nason,
' after the decease of the said Asa and his wife."

The court charged the jury, that, if they found that the defendant
was in possession of the premises, claiming the same in his own
right, and adverse to the plaintiff, at the time of the execution of the
deed from the plaintiff to Phelps Smith, the said deed would not
defeat the plaintiff's right of recovery, as the deed would, in that
case, be void under the statute of 1807 ; but that, if they found that
the defendant was not, at that time, in such adverse possession, they
should return a verdict for the defendant ; that the record in the
action of ejectment in favor of Bush against John Nason could not
prejudice the plaintiff's right, nor aid the defendant in making out a
title against the plaintiff; and that this record must be laid out of the
case ; that the interest of Lock and his wife in the portion of the
premises devised to them by William Nason was not such an estate,
or interest, as they could convey, or assign, to another ; and that, if
they attempted to convey their interest to another, and actually left
the premises, and had neglected to pay the rents and taxes upon
them, the right of said Lock and his wife, and of their grantees,
was extinguished, and their right passed to the plaintiff as the gran-
tee of the remainder man ; that Bush had no right to re-enter upon
said premises in 1827, until he had given to Mary Nason and Peggy
Nason, who were then to be deemed his tenants, thirty days notice
in writing, as stipulated in the lease to William Nason ; and that, as
it was not pretended that any such notice had been given, the said
Bush's entry was tortious, and the plaintiff was entitled to recover
the possession of the premises and the value of the rents and profits
since March, 1836, the time the disseizin was alleged, as damages.

The jury returned a verdict for the plaintiff for the possession and
for $520 damages. Exceptions by defendant.

*Smalley, Adams & Hoyt,* for plaintiff, as to the construction and
effect of the devise to Lock and his wife, cited 2 Cruise 3, §§ 1, 39;
4 Ib. 427, §§ 2–11 ; 2 Ib. 42, §§ 41, 45–47, 51, 53; Ib. 49, §§

28 .

67–69; Ib. 312, §§ 29–32; 6 Ib. 448, §§ 1–5; 2 Thomas' Co. Lit. 101, note L. 2; Ib. 767, note 2; 1 Vern. 403, note 1; *Wells* v. *Prince,* 9 Mass. 508.

*H. R. & J. J. Beardsley* and *Stevens & Seymour,* for defendant, cited, to the same point, 6 Cruise 142, § 8; Ib. 144, 145, §§ 15, 16, 18; *Van Dyck* v. *Van Beuren,* 1 Caine 84.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   It will be seen, by the decree made in the suit in chancery in favor of Smith against Blaisdell, that most of the questions raised in this case have been considered. We can see no objections to any of the decisions of the county court, except their charge in answer to the request of the defendant as to the estate taken by Lock and his wife under the will of William Nason. We are to suppose that it became material to decide what estate Lock and his wife took under that will, and if it was, the defendant was entitled to the charge asked for. Under that will Lock and his wife had an estate for life, which they might assign and convey; and the court below were incorrect in saying that they had not such an estate. The words used created an estate for life in the devisees.