## McCLURE *v.* MELENDY.

A wife devised to her husband the use and improvement of certain land for life. A creditor levied upon his estate, and had it set off by appraisal. It was *held* that the devise was of the land itself; that the levy, by appraisal of the whole life estate, was good; and that it was not necessary to set it off by an appraisal of the annual income, to hold till the debt was paid.

In a writ of entry upon the general issue, it appeared that Mary McClure, being seized of the demanded premises, by her last will, which was duly proved December 13, 1859, devised the same as follows: "I give and bequeath to my beloved husband, Asa McClure, the use and occupancy of my real estate, situated in the northeasterly part of Amherst, during his natural life, and at his decease said estate to be sold at public auction, and the avails thereof to be equally divided among my children, or their heirs."

At the January term of the Supreme Judicial Court, 1860, the defendant recovered judgment against the plaintiff, Asa McClure, for $44.88 debt, and $7.71 cost. Execution was issued and extended on the premises described in the writ, which are a portion of said farm, in manner following: The appraisers being properly appointed and sworn, say:

"We, the subscribers, having carefully examined a certain tract of land, shown to us as the estate of the within named debtor, for the term of his natural life, and no longer; said land situated in the northeasterly part of Amherst, and bounded as follows (described as it is in the writ), do upon our oaths say that the estate of said

debtor for the term of his life only, in the said two tracts of land, is of the value of $71.28, and no more, and we have set off the estate of the said debtor therein to the creditor, in full satisfaction of this execution and the fees and charges of levying the same. April 28, 1860."

The return says as follows:

"HILLSBOROUGH ss., April 27, 1860. By direction of the creditor within named I have extended this execution upon the tract of land above described in manner following: I caused three appraisers to be appointed, &c., who, being duly sworn, &c., to appraise such real estate as should be shown to them as the estate of the said debtor, upon their oaths said that the estate of the said debtor, for the term of his natural life only in said tracts of land, is of the value of $71.28, and no more, and the said appraisers set off the same life estate of the said debtor by metes and bounds as aforesaid in said land at that sum, in satisfaction of this execution and my fees."

The demandant objected that this levy was invalid, and the question of its validity was reserved by agreement of the parties for the decision of the court at the law term.

*William C. & S. G. Clarke,* for the plaintiff.

The extent of the defendant's execution is invalid, because the whole value of the life estate of the plaintiff is appraised at a fixed sum, whereas the annual value of the land should be appraised, and the land set off to the creditor, to hold for a sufficient time to satisfy the judgment, if he should so long live. *McConihe* v. *Sawyer,* 12 N. H. 396; Comp. Stat. 501, sec. 10.

*I. A. Eastman* (with him *P. Dodge*), for the defendant.

The extent was valid. McClure's interest in the land was a life estate. A devise of the "income" of land to the use of the devisee during his life confers upon him a life estate in the land. *Butterfield* v. *Haskins,* 33 Me. 392; *Andrews* v. *Boyd,* 5 Greenl. 199. So the words "use and improvement"; *Fay* v. *Fay,* 1 Cush. 93; and the language here, "use and occupancy," pass the same interest.

Being a life estate the extent was in proper and legal form. Bell's Justice (ed. 1849) 175; *Roberts* v. *Whitney,* 16 Mass. 186, 190.

The demandant was not seized of a rent; but even had he been, the extent would have been valid. A set-off in either form may be adopted in such a case. 16 Mass. 190; see also *Barker* v. *Root,* 10 Mass. 260, 263. The case of *McConihe* v. *Sawyer* we do not understand to be an authority against the defendant. In that case Sawyer had not a life estate in the property, but only an interest dependent upon the life of his wife. But even in that case the court do not say that the appraisers might not have appraised the whole interest, had the execution been sufficiently large to cover it. The statute does not forbid such a course in the case of rents.

BELL, C. J. By the Revised Statutes (ch. 195) all real estate may be taken on execution, and shall be appraised and set off to the

creditor at its just value, in satisfaction of such execution, and the cost of levying, except in those cases where by law a sale of it is authorized. Sec. 1.    The appraisers shall set off to the creditor, by metes and bounds, or other distinct description, the real estate appraised by them, or so much as may be necessary, in payment of the execution and cost of levying. Sec. 6.    To this general rule the statute provides three exceptions :

1. If such real estate is held jointly, or in common with others, the levy shall be made upon the undivided interest of the debtor, or a part thereof.    Sec. 7.

2. If such real estate can not, in the judgment of the appraisers, be divided and set out by metes and bounds, without greatly impairing the value of the whole, the levy may be made upon an undivided interest therein, or by such mode of division as the nature of the property will admit.    Sec. 8.

3. If any debtor is seized of a rent, or of the income of any real estate, a levy may be made thereon, and the appraisers may set off the same for such term as they shall judge sufficient to pay the debt, interest and costs; and the sheriff shall cause the tenant to attorn and become tenant to the creditor ; and upon his refusal shall turn him out of possession, and deliver seizin to the creditor, to hold for the term aforesaid.    Sec 10.

Under these provisions we entertain no doubt that an estate for life in the rent or income of real estate may be set off by appraisal, where the whole is not sufficient, or is no more than sufficient to pay the execution and costs.    If the whole rent for the creditor's life should, in the judgment of the appraisers, be more than sufficient to satisfy the execution, it might be necessary to set off the property for such term as they judge sufficient.    The levy in this case was made upon a part of the estate, and it may well be doubted if a levy upon a part of the land out of which a rent issues would be valid.

By the will of Mrs. McClure she gave " to her husband the use. and occupancy of her real estate during his natural life."    If this devise gave him a life estate in the land, it was properly set off by appraisal.    Upon this question we think no doubt can be entertained.    It was a devise of the land, and not of any rent springing out of it, and not of the income of the land, as distinguished from the land.    In terms it is a devise of the use and occupancy of the farm, which implies the exclusive control of it.

In addition to the cases cited by the defendant's counsel, in support of the position that the words of this will pass the land itself, may be cited *Nason* v. *Blaisdell*, 17 Vt. 216, where it was held that a devise that the devisees may have, use and possess certain premises during their natural lives, gave an estate in the land.    In *Beardslee* v. *Beardslee*, 5 Barb. 330, the testator devised : " It is my will that my wife shall be master of my estate as long as she remains my widow ;" it was held the wife took a life estate, subject to be defeated by her marriage.    So the following words have been held to convey an estate in the land : *The income* of land ; *Reed* v. *Reed*, 9 Mass. 374 ; *The income and interest* of land ; *Blanchard* v. *Brooks*, 12 Pick. 63 ;

Use and improvement; *Ellis* v. *Proprietors*, &c., 2 Pick. 247; *Fay* v. *Fay*, 1 Cush. 98, 101; and many other cases cited there; and in *Beekman* v. *Hudson*, 20 Wend. 55; 2 Wash. R. P. 695.

No question arises in this case as to the validity of a levy by an appraisal of the income and a set-off for such term as the appraisers judge sufficient to pay the debt. In Massachusetts it has been held that a levy in either mode is good. On this point we are not called on to give an opinion.

The levy in this case being valid, there must be

*Judgment for the tenant.*